IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATANYA CRAMER,

    Plaintiff,

v.

S. DICKINSON, et al.,

    Defendants.

No. C 08-00723 CRB (PR)

**ORDER**

    Plaintiff, a former prisoner at Valley State Prison ("VSP"), has filed a pro se complaint for damages under 42 U.S.C. § 1983, alleging a violation of her constitutional rights in connection with a body cavity search that occurred while Plaintiff was incarcerated.

## DISCUSSION

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that S. Dickinson, a Correctional Officer at VSP, accused Plaintiff of having drugs and made her submit to a body cavity search. A digital body cavity search was conducted by Patricia Johnson, a nurse practitioner at VSP. Plaintiff alleges this search was illegal, as it was carried out without a court order.

A digital body cavity search must "be conducted with reasonable cause and in a reasonable manner." Vaughn v. Ricketts, 950 F.2d 1464, 1468-69 (9th Cir. 1991). Such a search must also serve a legitimate penological interest. Tribble v. Gardner, 860 F.2d 321, 325 (9th Cir. 1988).

Plaintiff's allegations plainly fail to allege that this search was unreasonable on either count. If a correctional officer had reason to believe that Cramer possessed narcotics, then there was adequate justification to conduct a search. Cramer alleges that she was falsely accused, but fails to set forth a basis upon which the Court could conclude that the correctional officer was unreasonable in believing Cramer possessed narcotics. The search was carried out by a medical professional, and Plaintiff fails to allege that the nurse was unreasonable in the manner of the search.

Maintaining a drug-free prison facility is a legitimate penological goal. See Tribble, 860 F.2d at 325. Weighing the "significant and legitimate security interests of the institution against the privacy interests of the inmates," the Court concludes Plaintiff has not stated a claim for a violation of her constitutional rights. See Bell v. Wolfish, 441 U.S. 520, 560 (1979).

///

///

///

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED with leave to amend for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Dated: February 12, 2009
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE